[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
The issue before the court is whether the court should grant the defendant's motion for judgment. The court concludes that the motion should be granted.
The plaintiff, JD Paving Sealing, Inc., filed suit against the administrator of the Unemployment Compensation Act to appeal the decision granting one of plaintiff's former employees benefits pursuant to the Act. The record reveals the following facts.
The plaintiff terminated Eric Battis on June 11, 1991. Battis filed a claim for unemployment compensation. The compensation examiner denied the claim because Battis was discharged for repeated wilful misconduct in that he was repeatedly absent from work without giving notice to the plaintiff.[1] The examiner based his or her decision on a fact-finding supplement completed by the plaintiff and a statement made by the claimant.
The claimant appealed the examiner's decision to the referee pursuant to General Statutes 31-237j. Notice of the July 24, 1991 hearing date was mailed to the parties on July 12, 1991. On July 15, 1991, the plaintiff requested by letter that the hearing be postponed because work had already been scheduled for that day.
The referee did not postpone the hearing but held it as scheduled. The plaintiff employer did not appear at the hearing. The referee found that "[t]he press of business does not excuse the employer's non-appearance." The referee felt compelled to "rely [solely] on the claimant's sworn statements" and did not consider an exhibit sent to the referee by the employer because the employer did not appear at the hearing. Based on the claimant's testimony, the referee found that "the claimant's discharge was prompted by a final act of wilful misconduct with no prior incidents which constitute wilful misconduct." Because the referee found that the employer discharged the claimant for just one occurrence, the referee reversed the examiner's decision and sustained the claimant's appeal.
Thereafter, the plaintiff/employer appealed to the board of review, pursuant to General Statutes 31-249, arguing that the referee fairly disregarded the plaintiff's exhibits. The plaintiff attached to the appeal to the board a letter and new evidence detailing the claimant's attendance record and a letter from the claimant's housemate corroborating the claimant's tardiness. The plaintiff also expressed willingness to participate at an oral argument CT Page 6585 if needed. The board mailed notice of the appeal on August 22, 1991. On September 3, 1991, the claimant submitted a letter responding to the new evidence submitted by the employer.
On September 20, 1991, the board mailed its decision to uphold the findings of fact and conclusions of law reached by the referee and adopted them as its own. The board affirmed the referee's decision and dismissed the appeal.
On October 9, 1991, the plaintiff filed a letter of appeal to superior court, pursuant to General Statutes31-249b, attacking the referee's and board's refusal to consider the documents it submitted. On October 30, 1991, the defendant administrator filed with the court the record of the proceedings before the referee and the board.
On February 28, 1992, the defendant moved for judgment. The plaintiff has not filed anything in response.
Appeals from decisions of unemployment compensation boards are not tried de novo. Acro Technology, Inc. v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154
(1991). "Where, as here, the board of review adopts the findings and affirms the decision of the appeals referee, the court is bound by the referee's findings of subordinate facts and reasonable conclusions drawn therefrom." Id. "The trial court, therefore, determines whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. [United Parcel Service Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988)]. Acro Technology, Inc., supra, 134.
In its letter of appeal, the plaintiff asserts that the evidence it submitted to the referee and the board show that, contrary to the referee's finding, the claimant was late more than once. The defendant administrator argues that any evidence that the plaintiff wished to submit should have been presented at the hearing before the referee and that the plaintiff waived its right to do so when it failed to appear at the hearing. Furthermore, the referee found that the nonappearance was not justified by good cause.
Section 31-237g-26(c) of the Connecticut Labor Department regulations provides: "If the appealing party appears at a scheduled hearing, but any non-appealing party fails to appear, the Referee shall proceed with the hearing CT Page 6586 and take the testimony, evidence, and argument put forward by those present, consider the documentary record established by the [examiner]."
The referee apparently considered fatal the failure by the plaintiff to produce records of the claimant's attendance and tardiness. The referee dismissed the plaintiff's other exhibits as mere allegations and hearsay because the plaintiff did not appear at the hearing.[2]
The referee did not refer to the examiner's finding that the claimant had been dismissed for repeated absences without giving notice. The referee then based his decision solely upon the claimant's sworn statement and held that the claimant's absences and tardiness were minimal and that he had been fired for one act of wilful misconduct and was therefore entitled to unemployment benefits.
It is noted that the referee should have considered the record established by the examiner in making his ruling. State Regs. 31-237g-26. It is further found, however, that the failure of the referee to consider the record does not render his decision "unreasonable, arbitrary illegal or an abuse of discretion." Section 31-237g-22
of the regulations provides, in part: "Any party, who, without good cause, fails to present at [the] hearing all testimony, evidence and oral argument material to such party's contentions concerning the appeal may be deemed to have assented to the Referee's decision of the appeal solely on the basis of the credible testimony, evidence and oral argument presented at such hearing and the records already on file."
The record of the examiner's decision shows that he found the employer more credible than the claimant. Because the referee reviews the examiner's decision de novo; General Statutes 31-242; it is clear that the court cannot rule as a matter of law that the referee would or would not have made the same credibility determination. It is therefore found that the court cannot hold that the referee's failure to consider the examiner's record renders the decision illegal, unreasonable, arbitrary or an abuse of discretion.
Furthermore, the plaintiff submitted records of the claimant's absences and tardiness with its appeal to the board of review. Although the board may hear additional evidence or testimony; General Statutes 31-249; it is not required to do so. The failure to do so does not render illegal its decision to uphold the referee. CT Page 6587
The defendant's Motion for Judgment is granted.
William J. McGrath, Judge