## Acro Technology, Inc. *v.* Administrator, Unemployment Compensation Act, et al.
## (9321)

O'Connell, Foti and Landau, Js.

Argued January 17—decision released June 25, 1991

*Taka Iwashita,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (named defendant).

*Nicholas J. Harding,* with whom, on the brief, was *Kathleen M. Conway,* for the appellee (plaintiff).

LANDAU, J. An employment security appeals referee upheld the administrator's award of unemployment compensation to the claimant. The employment security board of review (board) affirmed and adopted the referee's decision. The Superior Court reversed the board's decision and the defendant administrator of the Unemployment Compensation Act (administrator)[1] appealed from that reversal.

The appeals referee, at a de novo hearing on the appeal from the administrator's decision, found the following facts that were adopted by the board. The plaintiff, Acro Technology, Inc., employed the claimant, Beatrice Brophy beginning November 28, 1988. Brophy voluntarily terminated her employment on April 7, 1989, because the work environment was adversely affecting her health. In particular, Brophy was required to assume additional duties because of employee turnover.

The appeals referee determined that Brophy's job description had been involuntarily expanded. He also determined that her epilepsy had been materially affected by the conditions of her employment. He thus concluded that Brophy had voluntarily terminated her employment with sufficient job connected cause and affirmed the administrator's award of benefits to the claimant.

---

[1] The claimant, Beatrice Brophy, is also a defendant to this proceeding. The claimant, however, did not file an appearance in this appeal.

The plaintiff employer appealed the referee's decision to the board of review. Relying on the record, the board noted that Brophy had been required to assume significant additional duties that were not within her job description, and that the stress from these duties had aggravated her epilepsy. It also noted that this work related stress contributed to the deterioration of Brophy's relationship with her employer. The board found that the referee's conclusions were legally consistent with his findings of fact and with the Unemployment Compensation Act, General Statutes § 31-222 et seq. The board adopted the referee's findings of fact and decision, affirmed the decision and dismissed the appeal.

The plaintiff appealed from the board's decision to the Superior Court claiming that the board and the referee had acted illegally, arbitrarily and in an abuse of discretion. The court determined that the administrator's decision was contrary to law because the administrator had not determined whether Brophy had told the plaintiff of her dissatisfaction with the working conditions, and whether she had unsuccessfully sought a remedy pursuant to § 31-236-22 (a) (2)[2] of the Regula-

[2] Section 31-236-22 of the Regulations of Connecticut State Agencies provides in pertinent part: "SUFFICIENT CAUSE — WORKING CONDITIONS

"(a) To determine that an individual voluntarily left suitable work for sufficient cause connected with his work, the Administrator must find, with respect to working conditions, that:

"(1) (A) upon commencement of employment, the individual's employer changed a working condition agreed upon at the time of hire; or

"(B) during the course of employment, the individual's employer substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual; or

"(C) working conditions endangered the individual's health or safety to a greater degree than is customary for the employer's industry; or

"(D) working conditions threatened the individual's health due to his own medical condition . . .

"(2) except in the instance of (1) (A) above, the individual expressed his dissatisfaction regarding the working condition to his employer and unsuc-

tions of Connecticut State Agencies. The court also noted that the board could not make this determination because of Brophy's failure to present such evidence.

After reaching this conclusion, the court reviewed the record that had been certified to it by the board, and found that the evidence could not support a finding that Brophy had met the requirements of § 31-326-22 (a) (2) of the Regulations of Connecticut State Agencies. The court based its finding on Brophy's letter to the plaintiff terminating her employment and the fact finding questionnaire that she had completed and submitted to the employment security division in her claim for unemployment benefits. Rather than remanding the case to the board for further factual findings, the court reversed the board's decision stating that Brophy had failed to present evidence that she had fulfilled the criteria set forth in § 31-326-22 (a) (2) and that the evidence indicated the contrary.

On appeal to this court, the defendant claims that the trial court should have remanded the plaintiff's appeal to the board to determine whether the claimant had expressed her dissatisfaction with her working conditions and had sought a remedy with her employer. The administrator also claims that the plaintiff waived its right to raise the issue of whether Brophy had expressed her dissatisfaction and had sought a remedy by failing to raise this issue in the agency proceedings.[3]

cessfully sought a remedy through those means reasonably available to him before leaving his employment."

[3] On January 22, 1991, the plaintiff, upon order of this court, filed a motion to dismiss asserting that the administrator's docketing statement failed to contain the names and addresses of all parties to, and persons having a legal interest in, the appeal and their counsel in accordance with Practice Book § 4013. Although this failure does constitute a defect in the docketing statement, the defect was waived when the plaintiff failed to file a timely motion to dismiss. Practice Book § 4056. The plaintiff's motion to dismiss is denied.

We agree with the administrator that the trial court should have remanded this case to the board for further findings of fact based on the record presented to it.

The standard of review for this type of appeal is well established. The trial court does not try the matter de novo. *DaSilva* v. *Administrator,* 175 Conn. 562, 564, 402 A.2d 755 (1978). Where, as here, the board of review adopts the findings and affirms the decision of the appeals referee, the court is bound by the referee's findings of subordinate facts and reasonable conclusions drawn therefrom. *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 4, 434 A.2d 293 (1980); *Howell* v. *Administrator,* 174 Conn. 529, 533, 391 A.2d 165 (1978). The court is limited to a review of the record certified and filed by the board. *United Parcel Service, Inc.* v. *Administrator,* 209 Conn. 381, 385, 551 A.2d 724 (1988). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." Id. The trial court, therefore, determines whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id. To the extent that the issue involves a matter of statutory construction, it is a question of law, but to the extent that it involves an application of the statute to the actual circumstances of a case, it requires an appropriate finding of fact at the administrative level. Id., 387.

General Statutes § 31-236 provides in pertinent part that "[a]n individual shall be ineligible for benefits . . . (2) (A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . and provided further, no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes

in conditions created by his employer . . . ." Corresponding regulations, § 31-236-22 (a) (1), specify that in determining whether an individual has left suitable work for sufficient cause connected with work, the administrator must find, "with respect to working conditions, that . . . (B) during the course of employment, the individual's employer substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual; or . . . (D) working conditions threatened the individual's health due to his own medical condition . . . ." Regs., Conn. State Agencies § 31-236-22. The regulations further require the administrator to find that the individual expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a reasonable resolution before leaving his employment. Regs., Conn. State Agencies § 31-236-22 (a) (2). Valid agency regulations have the force of statutes and constitute state law. *Savage* v. *Aronson,* 214 Conn. 256, 267, 571 A.2d 696 (1990).

An individual leaves suitable work "for cause" within the meaning of the statute, when he leaves employment "for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment." *Robinson* v. *Unemployment Security Board of Review,* supra, 23. As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists.

The appeals referee and the board in this case determined that Brophy had left suitable work for sufficient cause based on the additional duties and the aggravation of her medical condition. The trial court properly noted, however, that the referee and the board failed to indicate whether termination was Brophy's only reasonable option. As a matter of law, therefore, the

board's determination of eligibility could not reasonably or logically have resulted from findings of fact that do not contain information regarding Brophy's options. More specifically, the board did not find, in accordance with § 31-236-22 (a) (2), that Brophy had expressed her dissatisfaction and had sought a resolution before she voluntarily left her employment, and that no reasonable alternative to termination existed.

In order to apply General Statutes § 31-236 to the circumstances of this case, an appropriate finding of fact at the administrative level is required. *United Parcel Services, Inc.* v. *Administrator,* supra. Practice Book § 519 and General Statutes § 31-249b provide in pertinent part that "[t]he court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe." Because neither the referee nor the board made the requisite finding, the court lacked the factual basis to reverse the board's decision regarding Brophy's eligibility. The court should have remanded the case for further administrative proceedings to resolve this question of fact. Id., 389. By making further findings of fact based on the record, the trial court exceeded its authority.

The defendant's second claim, that the plaintiff waived its claim that Brophy had failed to express her dissatisfaction with the working conditions and to seek a remedy is without merit. That issue is a factual determination that must be made by the board pursuant to the Regulations of Connecticut State Agencies § 31-236-22 (a) (2).

The judgment is reversed and the case is remanded to the trial court with direction to remand the case to the board of review for further findings of fact based on the record.

In this opinion the other judges concurred.