[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Flores, filed a claim for unemployment compensation benefits against his former employer, National Corporation for Housing Partnerships, of Reston, Virginia. Flores contended that his various absences from employment were justified.
A fact finder for the administrator, Unemployment Compensation Act General Statutes 31-222 et seq., found that the plaintiff had been terminated after being absent from work on July 13, 1991 and July 14, 1991; that he had received written warnings against absenteeism as recently as one to two weeks prior to the July absences; that he could have gone to work in Bridgeport during the two days in July, but claimed he was "stranded" in New Haven because a friend reneged on a promise to drive him back to Bridgeport; and that his repeated absences constituted "wilful misconduct" rendering him ineligible for benefits.
Flores appealed this determination to the Employment Security Division, pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee. The referee made the following factual findings: Flores had worked for his former employer for over two years as a porter/housekeeper; when he did not report to work in July because he was in New Haven, he never telephoned the employer because he did not have the telephone number with him; when absent in June, 1991, Flores had been put on probation on or about June 20, 1991, and warned against any absences within the next thirty days; his absences in July were within that period; and on several other occasions Flores had been warned and counseled against continued absences.
In confirming the decision of the administrator and denying benefits to Flores, the referee relied on General Statutes 31-236(a)(2)(B), which provides for ineligibility for a claimant who has been discharged for "repeated wilful misconduct" in the course of his employment. The referee ruled that plaintiff was guilty of such misconduct because he "was repeatedly absent from work without providing notice of the absence to the employer."
In accordance with General Statutes 31-249, Flores appealed this decision to the Employment Security Division Board of Review (Board), which affirmed the referee's decision that the plaintiff had not qualified for benefits. The Board determined that the findings of fact by the referee were supported by the record, and that the decision denying benefits was justified by those findings and the law regarding unemployment compensation.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that he did not "agree" with the decision of the Board. This court concurs with that decision because the record indicates that CT Page 10116 Flores was absent from work on a number of occasions; was warned against absenteeism; was put on probation for thirty days and told to report for work in that period except for good reason; and was thereafter absent for two days without good cause and without notifying the employer.
In any event, this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). I certainly could not make such a finding under these circumstances.
Accordingly, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Bridgeport, Connecticut, this 13th day of November, 1992.
William B. Lewis, Judge