[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Raul M. DeOliveira, filed a claim for unemployment compensation benefits against his former employer, Personnel Pool, Inc., of New Haven. DeOliveira contended that he did not refuse an employment opportunity allegedly offered him by his former employer.
A fact finder for the administrator. Unemployment Compensation Act, General Statutes 31-222 et seq. found that on February 22, 1990 the plaintiff had been offered a bona fide job at Raush-Alan at the Connecticut Post Mall Shopping Center, and that the plaintiff rejected CT Page 10124 this offer out of hand without waiting to learn the details, claiming that he was waiting for a construction job to open up ("We conclude that you refused suitable work without sufficient cause"). The fact finder also determined that DeOliveira had mistakenly been paid benefits totalling $1474 which he was obliged to repay to the administrator.
The plaintiff appealed this determination to the Employment Security Division, pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee, who scheduled a hearing for July 18, 1990 and sent notice thereof to the plaintiff, who failed to appear at the hearing. The referee later determined that DeOliveira had failed to demonstrate "good cause" for his failure to attend. Accordingly, the appeal was dismissed and the fact finder's determination denying benefits to the plaintiff was in effect affirmed.
In accordance with General Statutes 31-249, DeOliveira appealed this decision to the Employment Security Division Board of Review (Board), which determined that the plaintiff simply forgot the proper hour of the hearing and remained out of state until it was too late to attend the hearing. On October 2, 1990, the Board affirmed the referee's dismissal of plaintiff's appeal due to his failure to "demonstrate good cause for the non-appearance at said hearing."
The plaintiff did not file an appeal to this court; General Statutes31-249b; until November 20, 1991, well over a year after the Board's decision of October 2, 1990. Plaintiff claimed that he did not receive notice of the decision. The Board held a hearing on this issue and concluded that DeOliveira had received notice of the hearing before the referee. The Board noted that plaintiff lived in a single-family home where there are less difficulties in receiving mail than in multi-family dwellings: that he had received all prior notices from the administrator: and that he had already exhibited lack of diligence in not attending the referee's hearing. The Board determined that his claim that he did not receive notice was simply another example of his negligence.
The plaintiff's appeal to this court is dismissed for failure to file such appeal within thirty days of the mailing of a copy of the decision to plaintiff, the statutory time period for appeals as prescribed by General Statutes 31-249a and 31-249b.
This court's role in reviewing a decision of the Board is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion." Acro Technology v. Administrator,25 Conn. App. 130, 134, 593 A.2d 154 (1991). I certainly could not make such a finding under these circumstances. CT Page 10125
Accordingly this court concurs with the decision of the Board that DeOliveira received notice of its October 1990 decision, and negligently failed to appeal within the requisite time period.
The Board's decision is affirmed, and judgment enters dismissing plaintiff's appeal.
So Ordered.
Dated at Bridgeport, Connecticut, this 13th day of November, 1992.
William B. Lewis, Judge