[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, administrator of the Unemployment Compensation Act (Administrator), moved for judgment dismissing plaintiff's appeal of the decision of the Unemployment Compensation Board of Review to grant unemployment compensation to claimant Kent A. Hampton (claimant). Plaintiff, Security Services of Connecticut (employer), asserted that claimant Hampton was ineligible for unemployment compensation because he had been terminated for repeated wilful misconduct.
A fact finder for the administrator, pursuant to General Statutes31-222 et seq., determined that the claimant had been terminated on May 14, 1991 due to "absences, tardiness, and sleeping on the job" which constituted" repeated actions against the Employer's interests, "thus rendering him the ineligible for unemployment compensation.
The claimant appealed this determination to the Employment Security Division, pursuant to General Statutes 31-241, where it was referred to CT Page 10360 an appeals referee, who affirmed the determination of the fact finder.
Claimant appealed to the Board of Review (Board) which reversed the referee. The Board found that claimant's absence from work on May 12, 1991 had been explicitly condoned by the employer, and that claimant's supplemental employment activities prior to his scheduled shift that day were irrelevant. Despite claimant's consistent assertions that employer had given express consent to his taking the shift off (Claimant: I'll be spending the time with my mother rather than come in for my shift; supervisor: "no problem"), plaintiff never refuted the testimony alleging this crucial discourse.
The Board concluded that "since the final incident leading to . . . Claimant's discharge did not constitute an act of wilful misconduct, the Claimant [was] not disqualified from receiving unemployment compensation benefits and [that it was] not necessary for [it] to determine whether the Claimant was chargeable with any prior incidents of wilful misconduct." Nevertheless, the Board, in what essentially constituted dicta, stated that it did not find that the employer had established that even these alleged prior incidents constituted wilful misconduct.
This court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion." Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). The actions complained of here do not rise to the level of arbitrariness, illegality or an abuse of discretion. The plaintiff admitted in the very report that purported to document the alleged loafing and sleeping incident that the observation was inconclusive. It further made much of the fact that claimant had worked at another job during the period prior to his scheduled shift on May 12, 1991, though what he did in his time off was completely irrelevant. Lastly, the employer had every opportunity to refute the crucial testimony of a conversation during which a supervisor allegedly condoned claimant's absence later that day. Nevertheless the plaintiff never addressed this crucial discourse. Thus claimant had every reason to believe that he might take the shift off without incident.
Accordingly, the Board's decision is affirmed, and judgment is hereby entered dismissing plaintiff's appeal.
So Ordered.
Dated at Bridgeport, Connecticut, this 18th day of November, 1992.
William B. Lewis, Judge CT Page 10361