[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, administrator, Unemployment Compensation Act, has moved to dismiss the appeal by the plaintiff, Pathfinder Group, Inc. (Pathfinder), involving its former employee and claimant, Caryn M. Fletcher. The administrator had determined that the claimant was entitled to unemployment benefits, and the plaintiff appealed to an appeals referee. General statutes31-241, 31-242.
The hearing of this appeal was scheduled for June 24, 1992 at 1:05 p.m. in Waterbury and notice thereof was sent to the plaintiff employer. However, the plaintiff did not attend the referee's hearing and the appeals referee determined that Pathfinder had failed to demonstrate good cause for its failure to attend, and accordingly dismissed the appeal. Pathfinder then appealed to the Board of Review, General Statute 31-249, which affirmed the dismissal for failure of the plaintiff to attend the hearing, thus affirming in effect the decision of the administrator awarding benefits to the claimant.
The notice of hearing before the referee indicates that all parties must appear at the scheduled time of the hearing, and that the failure of the appealing party to appear "may result in the automatic dismissal of the appeal." The plaintiff admitted receiving notice of the hearing, but decided not to attend because of the press of business. The Board of Review determined that this was not good cause under Connecticut Agency Regulation31-237g(26)(b)(3), excusing non-appearance at a hearing only for good cause.
The plaintiff appeals to this court pursuant to General Statutes31-249b. This court's role in reviewing a decision of the board of review is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion." Acro Technology Inc. v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). In this court's CT Page 11412 opinion the Board of Review did not act illegally, arbitrarily, or in abuse of its discretion in determining that the mere press of business on the part of the plaintiff did not constitute good cause for failure to attend the hearing before the appeals referee.
Hence, the administrator's motion for judgment dismissing plaintiff's appeal is granted.
So Ordered.
Dated at Stamford, Connecticut this 17 day of December, 1992.
William B. Lewis, Judge