[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Tyrene Lee, filed a claim for unemployment compensation benefits against her former employer, Hyatt Corporation, c/o Gates, of Columbus, Ohio. Lee contended that the termination of her employment at the employer's hotel in Old Greenwich was without just cause and that she was eligible for unemployment compensation. The employer claimed that Lee was terminated for unsatisfactory work performance as a switchboard operator on the 11 p.m. to 7 a.m. shift.
A fact finder for the administrator, Unemployment Compensation Act, General Statutes 31-222 et seq., approved the granting of unemployment benefits to Lee on the basis that she had been discharged for reasons other than repeated wilful misconduct.
The employer appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee. The referee made the following factual findings: the claimant, Lee, had been discharged on January 20, 1992. for failing to properly notify the employer on January 17, 1992, that she was not reporting for work at 11 p.m. that evening; the claimant had called about 8:00 p.m. to say that she was in New York City and was experiencing car trouble; the employer told her to call at 9:00 p.m. if she would be unable to report to work because of the employer's policy requiring a minimum of two hours notice of inability to report for work; and that the claimant did not call until 11:15 p.m. after the shift had commenced, thereby forcing her supervisor to attend to the claimant's switchboard.
In reversing the decision of the administrator and denying benefits to Lee, the referee relied on General Statutes 31-236(a)(2)(B), which provides that an individual is ineligible for unemployment benefits if discharged for, among other things, "repeated wilful misconduct in the course of his employment."
In accordance with General Statutes 31-249, Lee appealed this decision to the Employment Security Board of Review (Board), which affirmed the referee's decision that the plaintiff had not qualified for benefits. The Board determined that the findings of fact by the referee were supported by the record, and that the decision denying benefits was justified by those findings and the law regarding unemployment compensation.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that she did not commit wilful misconduct on January 17, 1992, but rather was terminated because of discrimination and harassment. The Board also concluded that there was no merit to Lee's claims of discrimination which surfaced for the first time during the appeal to the Board. CT Page 2775
The Regulations of Connecticut State Agencies, Sec. 31-236-26, describe wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under this provision, there must be a finding that the individual committed two or more acts of wilful misconduct, which do not have to be of the same nature, and that the prior act was committed within one year before the other and final act of wilful misconduct that caused the termination of employment.
The referee had found that approximately four months before her discharge Lee had been suspended for leaving the switchboard on September 30, 1991, at which time a night manager had rung the board over forty-five times without success.
Both the referee and the Board of Review concluded that the claimant's two acts of leaving her work station unattended and then failing to give proper notice of her inability to report for work fell within the definition of wilful misconduct as set forth in the statute and regulation.
It should be noted that this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). I certainly could not make such a finding under these circumstances.
Accordingly, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of March, 1993.
William B. Lewis, Judge