[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Roger Maniccia, filed a claim for unemployment compensation benefits against his former employer, Velen Associates, Inc. (Velen), of Stamford. Maniccia contended that he left his temporary assignment with General Electric Investment Corporation (GE Investment) because he had been given increased duties without a corresponding pay increase, and therefore that he was eligible for unemployment compensation. The employer claimed that Maniccia left his temporary assignment at GE Investment voluntarily, and hence was ineligible for benefits.
A fact finder for the administrator, Unemployment Compensation Act, General Statutes 31-222 et seq., denied the plaintiff's application for unemployment compensation benefits on the basis that he voluntarily quit GE Investment, and that there had been "no substantial change in hours, wages or duties since time of hire."
The claimant, Maniccia, appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee. The referee made the following factual findings: (1) the claimant had worked for Velen on a temporary assignment at GE Investment for approximately three years as a fund controller for the insurance trust fund; (2) that in October, 1989, Maniccia was asked to also act as fund controller for the pension trust fund, which he accepted and performed for several months; (3) that the claimant then unsuccessfully sought permanent employment from GE Investment and an increase in wages; (4) he advised GE Investment that he would leave unless he received increased compensation and/or a permanent position; and (5) when neither of these requests were granted, the claimant voluntarily left GE Investment.
The decision of the referee denying benefits to Maniccia relied on General Statutes 31-236(a)(2)(A)(i), which provides that an individual is ineligible for unemployment benefits if he voluntarily quits his job, CT Page 2761 except if he leaves "for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer." The referee concluded that the plaintiff left his employment because he wanted more money and/or a permanent position with GE Investment, instead of a temporary assignment.
In accordance with General Statutes 31-249, Maniccia appealed this decision to the Employment Security Board of Review (Board), which affirmed the referee's decision that the plaintiff had not qualified for benefits. The Board determined that the findings of fact by the referee were supported by the record, and that the decision denying benefits was justified by those findings and the law regarding unemployment compensation.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that he was declared ineligible for benefits contrary to General Statutes 31-236(a)(2)(A)(i), which provides for eligibility if "changes in condition created by [one's] employer" has occurred. The Regulations of Connecticut State Agencies, Sec. 31-236-17(b)(1), provide that a person is ineligible for benefits unless "he leaves suitable work for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer." Sec. 31-236-22(a), Regulations of Connecticut State Agencies, provides for eligibility where "(1)(B) during the course of employment, the individual's employer substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
The Board found that acting as fund controller for the pension trust fund was "within the scope of the job description which was agreed to by the claimant and the client employer (GE Investment)." The Board also agreed with the referee that the real reason plaintiff left employment was his dissatisfaction with not obtaining permanent employment at G.E. Investment.
It should be noted that this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). I certainly could not make such a finding under these circumstances.
Accordingly, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered. CT Page 2762
Dated at Stamford, Connecticut, this 22nd day of March, 1993.
William B. Lewis, Judge