[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Frate, filed a claim for unemployment compensation benefits against his former employer, General Mills Restaurant, Inc., c/o Gibbens Co. Inc., of Needham, Massachusetts. Frate contended that the termination of his employment at the employer's restaurant known as the Red Lobster was without just cause and that he was eligible for unemployment compensation.
A fact finder for the administrator, Unemployment Compensation Act, General Statutes 31-222 et seq., approved the granting of unemployment benefits to Frate on the basis that he had been discharged for reasons other than repeated wilful misconduct.
The employer appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee. The referee made the following factual findings: the claimant, Frate, had been discharged on December 18, 1991, for refusing to carry out the employer's direction that he should split shrimp for both the broiling and breading departments; that at the end of that work day the supervisor explained to the claimant that he would be required in the future to split shrimp for both departments; and that the claimant said he would not do so.
In reversing the decision of the administrator and denying benefits to Frate, the referee relied on General Statutes 31-236(a)(2)(B), which provides that an individual is ineligible for unemployment benefits if discharged for, among other things, "repeated wilful misconduct in the course of his employment."
In accordance with General Statutes 31-249, Lee appealed this decision to the Employment Security Board of Review (Board), which affirmed the referee's decision that the plaintiff had not qualified for benefits. The Board determined that the findings of fact by the referee were supported CT Page 2756 by the record, and that the decision denying benefits was justified by those findings and the law regarding unemployment compensation.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that he did not commit wilful misconduct on December 18, 1991, but rather simply advised the supervisor that the added duties of splitting shrimp for the breading as well as the broiling departments would make him late for a final examination that evening at a school he was attending.
The Regulations of Connecticut State Agencies, Sec. 31-236-26, describe wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under this provision, there must be a finding that the individual committed two or more acts of wilful misconduct, which do not have to be of the same nature, and that the prior act was committed within one year before the other and final act of wilful misconduct that caused the termination of employment.
The referee had found that approximately five weeks before his discharge, Frate had failed to pay for his lunch in violation of the company's policy that an employee must pay one half price for a meal.
Both the referee and the Board of Review concluded that the claimant's two acts of refusing to follow his supervisor's instructions and failing to pay for his lunch fell within the definition of wilful misconduct as set forth in the statute and regulation.
It should be noted that this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). I certainly could not make such a finding under these circumstances.
Accordingly, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of March, 1993.
William B. Lewis, Judge CT Page 2757