[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kelly A. Flath, filed a claim for unemployment compensation benefits against her former employer, Cherry Street East/Sonora East, Inc. (Cherry Street East) of New Canaan. Flath claimed that she left her job as a waitress at her former employer's restaurant because she had been subjected to verbal abuse and profanity by another employee, and that the employer had overheard the dispute and had done nothing to rectify or defuse the situation. Her employer claimed that Flath had left her job voluntarily and without sufficient cause, and hence was ineligible for unemployment benefits. A fact CT Page 11005 finder for the administrator, Unemployment Compensation Act, General Statutes 31-222 et seq., granted the plaintiff's application for unemployment compensation benefits on the basis that she was justified in quitting her employment due to verbal abuse by another employee, and also because the employer ignored the situation.
The employer, Cherry Street East, appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241, 31-242, where it was referred to an appeals referee, who stated that the issue was whether plaintiff "voluntarily left suitable work without sufficient job-connected cause." General Statutes 31-236(a)(2)(A).[1] The referee made the following factual findings: (1) that the claimant had worked as a waitress at Cherry Street East for about ten weeks and quit her job when she was "subjected to foul language" from a bartender, which language was repeated two times; (2) that Philip A. Stover, president of Cherry Street East, "did not admonish" the bartender, although he was standing sufficiently close to hear the argument; and (3) that the bartender called the claimant that evening to apologize.
The referee concluded that the claimant was eligible for benefits because she had been "subjected to foul language three times at a busy bar." Thus, the administrator's decision awarding benefits to Flath was affirmed by the referee.
In accordance with General Statutes 31-249, the employer appealed this decision to the Employment Security Board of Review (Board). The Board added one factual finding to those made by the referee, viz, that "[t]he claimant did not apprise the employer of her objections to the bartender's conduct, nor did she explore alternatives to leaving the employment." The Board then determined that the decision of the referee was not justified by his findings of fact. The Board decided, based on the findings by the referee, as supplemented by the one addition noted previously, that: (1) the verbal dispute with the bartender lasted a very short time, and did not constitute continuing conduct; (2) the claimant did not seek out any "reasonable alternative" to quitting her job; (3) Stover did not actually hear the profane language that was allegedly directed against the claimant, and hence did not "condone" any such conduct; and (4) the incident was an isolated one and did not render the claimant's employment "unsuitable." The Board concluded that the referee's decision should be reversed and the employer's appeal sustained, thus rendering the claimant ineligible for benefits.
The plaintiff appeals to this court, pursuant to General CT Page 11006 Statutes 31-249b, contending that she was declared ineligible for benefits contrary to General Statutes 1-236(a)(2)(A)(i), which provides for eligibility if one leaves his employment for "sufficient job-connected cause." It should be noted at this point that this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134,593 A.2d 154 (1991). "The construction placed upon [a statute or regulation] by the agency responsible for administration of the unemployment compensation laws is entitled to deference. . ." Miller v. Administrator, 17 Conn. App. 441, 446, 553 A.2d 633
(1989).
Conn. Agencies Regs. 31-236-19 provides that: "[i]n determining whether an individual's reason for leaving suitable work is connected with his work, the Administrator must find that the reason relates to wages, hours or any other working conditions which comprise the employment that the individual voluntarily left." Conn. Agencies Regs. 31-236-22(a)(1)(H) provides that with regard to working conditions, in order to justify the payment of benefits, it must be found that the employee "was subjected to continual physical or verbal abuse by a fellow employee." In Evans v. Administrator, Superior Court, Judicial District of New Haven at New Haven, docket no. 324494 (May 11, 1993), the claimant's supervisor on one occasion complained about the quality of her work and delivered a couple of "Billingsgate-type remarks" to her to which she took offense.[2] The court affirmed a board decision that "this single incident did not constitute a requisite basis for determining that the claimant left her employment for sufficient cause." The Evans case seems very similar to the instant case, in that although the bartender allegedly repeated the same language three times, the remarks were all said in rapid succession at a "single incident."
In reviewing the decision of the Board, one must also consider General Statutes 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review CT Page 11007 the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
In this case, the Board determined that the allegedly profane language, which both the bartender and the employer deny ever occurred, was an isolated incident and did not justify the claimant leaving her employment. This conclusion, I believe, is within the competence of the Board and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. I believe the Board was presented with sufficient evidence to justify the conclusions it reached. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 17th day of December, 1993.
William B. Lewis, Judge