[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John A. Guzman, filed a claim for unemployment compensation benefits against his former employer, Bradbury Construction Co. (Bradbury) of Stamford. Guzman claimed that his employment was terminated on April 23, 1991 because he had failed to appear for work the previous day due to "personal problems." Bradbury claimed that Guzman's employment had been terminated for "repeated wilful misconduct," and hence the plaintiff was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes 31-222 et seq., granted the plaintiff's application for unemployment compensation benefits on the basis that he was discharged for reasons other than "repeated wilful misconduct."
Bradbury appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241 and 31-242, where it was referred to an appeals referee for a trial de novo. The referee stated that the issue was whether plaintiff was discharged for "repeated wilful misconduct." General Statutes 31-236(a)(2)(B). The referee found: (1) that the claimant had worked as a laborer for Bradbury for about a year and a half, was discharged on March 3, 1991 for absenteeism, and was then rehired one week later with the express condition that plaintiff either appear for work or telephone the employer in advance of an expected absence; (2) that Guzman failed to appear for work on April 23, 1991, and did not notify employer in advance; and (3) the claimant had been absent from work on at least four prior occasions without having notified his employer prior thereto. The referee concluded that the claimant was ineligible for benefits because his employment had been terminated because of repeated wilful misconduct. Thus, the administrator's decision awarding benefits to Guzman was reversed by the referee, and the claimant was denied benefits.
In accordance with General Statutes 31-249, the claimant appealed this decision to the Employment Security Board of Review (Board). The Board determined that the appeal by the plaintiff was untimely since the referee's decision was mailed to plaintiff on November 8, 1991, and the appeal was not filed until November 27, 1992. General CT Page 11314 Statutes 31-248 provides in pertinent part that a referee's decision shall be final "on the twenty-second calendar day after the date on which a copy of the decision is mailed" to a party. However, the Board is authorized to accept an untimely appeal "if the filing party shows good cause." The Board then decided that the claimant had shown good cause for the late filing of his appeal and accordingly accepted the appeal for review.
The Board then decided that plaintiff had failed to attend the referee's scheduled hearing. "[t]he claimant received and then misplaced his notice of hearing and . . . did not contact the Appeals Division to verify the date of the hearing until he learned that the hearing had already been held." The Board also stated that by failing to attend the referee's hearing, the claimant "is deemed to have consented to a determination of the appeal by the Referee solely on the basis of the documentary evidence in the record and credible testimony and evidence introduced at the hearing by the [employer] and to have waived the right to object to findings of fact made on the basis of such testimony and evidence." The Board found that the referee's decision was supported by the evidence, affirmed the referee's decision and dismissed the appeal.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending in effect that his absence from work did not constitute wilful misconduct. This court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). "The construction placed upon [a statute or regulation] by the agency responsible for administration of the unemployment compensation laws is entitled to deference . . ." Miller v. Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board, one must also consider General Statutes 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." CT Page 11315
In the case at bar, the Board determined that plaintiff was negligent in not attending the referee's hearing and accordingly lost the right to challenge the referee's factual findings. The referee determined that plaintiff had been absent from work a number of times, was rehired on condition that he notify Bradbury of anticipated absences, and had failed to do so. The absence from work on April 23, 1991, combined with other absences in March and earlier in April of 1991, was deemed to constitute wilful misconduct. This conclusion, I believe, is within the competence of the Board and one which should not be disturbed. The Regulations of Connecticut State Agencies,31-236-26, describes wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under this provision, there must be a finding that the individual committed two or more acts of wilful misconduct which do not have to be of the same nature, and a finding that the prior act was committed within one year before the second act of wilful misconduct which precipitated the termination of employment. The court agrees with the Board that repeated absences from work fall squarely within the definition of wilful misconduct found in the above cited regulation.
Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of December, 1993.
William B. Lewis, Judge