[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Paul Presil, filed a claim for unemployment compensation benefits against his former employer, Beverly California Corporation (Beverly) of Needham, Massachusetts. Presil alleged that his employment as a kitchen helper at his employer's facility in Norwalk known as Fairfield Manor Health Care Center, a/k/a Fairfield Manor, was terminated because he was drinking coffee on January 12, 1993 while working on a food line. Presil claims that other employees had done the same thing many times at this same location, and hence he was discharged without just cause or reason. Beverly contends that Presil's employment had been terminated for "repeated wilful misconduct," and that he was therefore ineligible for unemployment benefits.
The administrator of the Unemployment Compensation Act, see General Statutes 31-222 et seq., granted the plaintiff's application for unemployment compensation benefits on the basis that he was discharged for reasons other than "repeated wilful misconduct." The administrator determined that drinking coffee at the location in question did not constitute wilful misconduct, and also that the prior allegedly improper activities had not been proven to be wilful acts of misconduct by the claimant.
Beverly appealed this determination to the Employment Security Appeals Division, pursuant to General Statutes 31-241 and 31-242, where it was referred to an appeals referee for a trial de novo. The referee stated that the issue was whether plaintiff had been discharged for "repeated wilful misconduct" during the course of employment. See General Statutes31-236(a)(2)(B); Regulations of Connecticut State Agencies 31-236-24. The referee made the following findings of fact: (1) that on January 12, 1993, the claimant had received three explicit directives from his supervisor to stop drinking coffee at the location in question: (2) that Presil later admitted that he refused to comply with his supervisor's directive: and (3) that Presil had not previously advised anyone that it was necessary for him to drink coffee in order to offset the effect of his medication, which he later asserted. The referee concluded that plaintiff's discharge was based CT Page 11228 on repeated wilful misconduct, as he had failed to comply with a reasonable directive of his employer's and that this failure constituted wilful misconduct. The referee also found that there was a prior act of misconduct involving the use of profane language on May 22, 1992, in addition to a several incidents relating to tardiness or absenteeism, which also represented wilful misconduct. Thus, the claimant was found to be ineligible for benefits, and the administrator's decision awarding benefits to Presil was reversed by the referee, and the claimant was denied benefits.
In accordance with General Statutes 31-249, the claimant appealed this decision to the Employment Security Board of Review (Board), contending that he was drinking coffee at a place and time where other workers had done so for many years, and were actually doing when he had the confrontation with his supervisor. The Board concluded, based on the facts found by the referee, that plaintiff's employment had been terminated for repeated wilful misconduct based on a failure to comply with a reasonable directive and instruction from his employer. The Board also determined that a prior act of misconduct had occurred on May 22, 1992, when Presil received a warning for the use of profane language directed against a supervisor. The Board found that the referee's decision was supported by the evidence and dismissed the claimant's appeal.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that he had been drinking coffee where others were doing the same, and that the food line had not started in any event. This court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). "The construction placed upon [a statute or regulation] by the agency responsible for administration of the unemployment compensation laws is entitled to deference . . ." Miller v. Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board, the court must also consider General Statutes 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." CT Page 11229
In the case at bar, the Board determined that plaintiff had knowingly and intentionally failed to comply with a directive from his employer regarding the drinking of coffee, and that he had committed prior acts of wilful misconduct, and the termination of his employment was therefore justified. This conclusion, I believe, is within the competence of the Board and one which should not be disturbed. Section 31-236-26 of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under the provisions of this regulation, two findings must be made: that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature, and that the first act was committed "within the year immediately preceding the act which precipitated the discharge . . ." The court agrees with the Board that the plaintiff's refusal to comply with his supervisor's repeated requests to cease drinking coffee on the food line falls clearly within the definition of wilful misconduct found in the above cited regulation. Furthermore, the other actions for which Presil had received warnings, including the use of profane language directed against a supervisor, constituted other acts of wilful misconduct within the year prior to the termination of his employment.
Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this ____ day of December, 1993.
William B. Lewis, Judge