[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Garfield O. Warren, of Queens, New York, filed a claim for unemployment compensation benefits against his former employer. Hyatt Regency Greenwich (Hyatt), which operates a hotel located in Old Greenwich. Warren claimed that his employer fired him for fighting with and injuring a co-worker, but that he and the other employee were not fighting, and that the co-worker accidentally struck his head on a building column. The plaintiff claimed that Warren was discharged for wilful misconduct and that he had received a number of warnings for tardiness prior to the alleged assault on the other employee. The administrator of the Unemployment Compensation Act. General Statutes 31-222 et seq. denied the CT Page 11141 plaintiff's application for unemployment compensation benefits on the basis that he had been discharged for repeated wilful misconduct, including the fight with the other employee on April 3, 1993.
The claimant appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether plaintiff was discharged "for repeated wilful misconduct, felonious conduct (or) just cause. . ." General Statutes 3-236(a)(2)(B). The referee made the following factual findings: (1) that the claimant had worked as a bellhop at the Hyatt hotel in Old Greenwich for about a year and a half prior to his discharge; (2) that he was discharged after a fellow employee claimed he was struck and injured by the claimant; and (3) that the claimant stated that the other employee ran into a building column when Warren was attempting to retrieve a hotel guest's car keys from the other employee. The referee concluded that claimant's discharge had not been for repeated wilful misconduct, and thus the administrator's decision denying benefits to Warren was reversed by the referee.
In accordance with General Statutes 31-249, the employer appealed this decision to the Employment Security Appeals Division Board of Review (Board), and contended that Warren had been discharged for fighting with a co-worker after having had received a number of warnings for tardiness. The Board determined that the appeal by the plaintiff was untimely since the referee's decision was mailed to plaintiff on June 18, 1992, and the appeal was not filed until July 9, 1992. General Statutes 31-248 provides in pertinent part that a referee's decision shall be final "on the twenty-second calendar day after the date on which a copy of the decision is mailed" to a party. Although, the Board is authorized to accept an untimely appeal "if the filing party shows good cause," it concluded that the plaintiff had not demonstrated good cause for its late filing of the appeal.
General Statutes 31-248 (a)(3)also provides that "if any such appeal . . . is filed by mail, such appeal . . . shall be considered to be timely filed if it was received within such twenty-one-day period or bears a legible United States postal service postmark which indicates that within such twenty-one-day period, it was placed in the possession of such postal authorities for delivery to the appropriate office. Posting dates attributable to private postage meters shall not be considered in determining the timeliness of appeals . . . filed by mail." Thus, the referee's decision awarding benefits to Warren was affirmed and the employer's appeal dismissed. CT Page 11142
Hyatt then filed a timely motion with the Board seeking to reopen its decision on the ground that the twenty first day after June 18, 1992, when the decision was mailed, was July 9, 1992, which was the date that plaintiff filed its appeal. The Board declined to change its decision because the plaintiff's appeal had been received on July 13, 1992, which was more than twenty one days after mailing of the decision. The Board agreed that the appeal had been postmarked on July 9, 1992, but that the appeal "reflects a private postage meter," and that the Board is "prohibited by Conn. Gen. Stat. 31-248 from considering posting dates attributable to private postage meters when determining the timeliness of an appeal."
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that its appeal was timely. This court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134,593 A.2d 154 (1991). "The construction placed upon [a statute or regulation] by the agency responsible for administration of the unemployment compensation laws is entitled to deference . . ." Miller v. Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
The Board in this case relied on the explicit language of General Statutes 31-248, which prohibits reliance on private postage meters when calculating the timeliness of an appeal. The filing date became the crucial date and July 13, 1992 was outside the time period for appealing the referee's decision.
In reviewing the decision of the Board, one must also consider General Statutes 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
In this case, the Board determined that plaintiff's appeal was untimely, which, I believe, is a conclusion within the competence of the Board and one which should not be disturbed. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal. CT Page 11143
So Ordered.
Dated at Stamford, Connecticut, this ____ day of December, 1993.
William B. Lewis, Judge