[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Fatina Hill, an employee of the plaintiff, Housing Authority of the City of Norwalk ("Housing Authority"), filed a claim for unemployment compensation benefits against her employer. Hill claimed that she was entitled to benefits because she resigned from her employment due to being overworked, which in turn caused her to suffer stress. The Housing Authority contends that Hill quit her job voluntarily and without sufficient cause connected with her employment, and hence she was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, in accordance with General Statutes § 31-222 et seq., granted Hill's application for unemployment compensation benefits on the basis that she had resigned from her position with the Housing CT Page 10166 Authority due to the overly burdensome nature of her duties.
The Housing Authority appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Hill left her employment without sufficient job-connected cause. The referee made the following factual findings: (1) that Hill had worked for the Housing Authority as a housing specialist for about four years prior to her resignation; (2) that she voluntarily left her employment effective July 28, 1992, citing "stress"; (3) that Hill feared a proposed reorganization of the Section 8 Program, which would increase her responsibilities and stress, but that such reorganization never actually occurred before she left; (4) that Hill had not complained to her employer concerning stress before leaving and she presented no medical documentation of said condition; and (5) that she had regularly worked long hours voluntarily in order to obtain overtime pay.
The referee concluded that Hill failed to sustain her burden of proof, and that she left her job for health reasons by not providing "credible and substantial evidence" thereof. Thus, Hill was found to be ineligible for benefits, and the administrator's decision granting benefits was reversed by the referee.
In accordance with General Statutes § 31-249, Hill appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), and contended that she had left her job because she had been given additional duties which increased the stress of her employment. Hill also argued that her letter of resignation specifically referred to stress, and that she had made many verbal complaints about understaffing and her stress to her supervisors. After reviewing the record and the tape recording of the hearing held by the referee, the Board of Review decided: (1) that Hill had been given additional duties, just prior to her resignation, including three new programs in June, 1992; (2) that the new duties had been imposed in addition to an already onerous work schedule; (3) that Hill had complained to her supervisors about her workload; and (4) that her stress was related to her job. The Board of Review concluded that the referee's decision was not supported by the evidence and the testimony that had been introduced at the heating held by the referee. Therefore the Board of Review reversed the decision of the referee denying benefits.
The plaintiff Housing Authority appeals to this court, pursuant to General Statutes § 31-249b, contending that Hill had resigned CT Page 10167 without sufficient job-related cause, and hence was ineligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, Unemployment CompensationAct, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also Acro Technologyv. Administrator, Unemployment Compensation Act, 25 Conn. App. 130, 134,593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see alsoMiller v. Administrator, Unemployment Compensation Act, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if he leaves his employment "voluntarily and without sufficient cause connected with his work." The statute goes on to provide, in § 31-236(b), however, that a person is eligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer. . . ." To the same effect, see § 31-236-17(b)(1), Regulations of State Agencies. Section 31-236-22 of the Regulations provides that a determination that an individual voluntarily left suitable work for sufficient cause connected with his work must be based on a finding, among other things, that the employer changed a working condition agreed upon when the employee was hired; or that working conditions imposed by the employer were changed during the course of employment and that such change had a "significantly adverse effect upon the individual;" or that working conditions endangered the employee's health. In addition, subsection (2) provides that, except for changes at the time of hire, in order to qualify for benefits under this section, an individual must have "expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment."
The record in this case is inadequate factually to rule on whether the Board of Review usurped the referee's role in judging the credibility of witnesses, as claimed by the plaintiff, or whether, as Hill urges, the Board of Review was justified in changing and adding to the findings of fact made by the referee. Thus, in accordance with General Statutes § 31-249b and Practice Book § 519, the Board of Review is directed to remand this case back to the referee for further proceedings in order to: (1) permit the CT Page 10168 parties to introduce further evidence such as medical reports to substantiate the claim of job-related stress; (2) permit the parties to introduce further evidence regarding complaints allegedly registered by Hill with her supervisors, including the testimony of those supervisors, Messrs. Law and Roselle, the absence of which was noted by the Board of Review; (3) permit the parties to introduce evidence regarding efforts, if any, by Hill to resolve or remedy her allegedly unsatisfactory working conditions; (4) permit the parties to introduce evidence of whether the reorganization of the Section 8 Program did or did not take effect prior to Hill's resignation, and whether she was given any other additional duties which precipitated her resignation; and (5) permit the parties to introduce evidence regarding possible other causes for Hill's stress allegedly relating to her job, which the Board of Review noted had been improperly prohibited by the referee.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of October, 1994.
William B. Lewis, Judge