[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by William Notaro, M.D. (employer) from the decision of the Employment Security Appeals Division Board of Review (Board) which affirmed the decision of the Appeals Referee (Referee) which reversed the Administrator's decision to deny a claim for unemployment compensation made by Marguerite Olson (claimant). The Board found that the Referee's findings of fact were supported by the record and that the conclusion reached by the Referee was legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act. Therefore, the Board adopted the Referee's findings of fact and decision as its own.
The Referee found the following facts. The claimant worked for 6.5 years as an office manager. In or about September of 1995, the claimant and some of the other employees noticed that the laser printer and copying machine in the office were emitting unusual "burning" odors. In November of 1995, the claimant developed symptoms which included headaches, burning eyes, and a scratchy throat. By January of 1996, the symptoms had changed to blurred vision, tingling arms and chest, burning mouth, dizziness, heaviness of extremities, hazy memory, stabbing muscle pains, facial puffiness, a left eye twitch, and shortness of breath. In January of 1996, the claimant was examined by Dr. James Finnerty and remained under his care. The laser printer was replaced and the copy machine was serviced. Upon the doctor's recommendation, the claimant removed herself from the workplace on February 16, 1996. At the suggestion of Dr. Eileen Storey, the employer had his office cleaned with a Hepa Filter vacuum. When the claimant returned to work on March 21, 1996, her symptoms promptly returned. The claimant's symptoms persisted even though the copy machine had been placed in the employer's office. The claimant filed a worker's compensation claim but she did not feel well enough to drive herself to the hearing on March 29, 1996. CT Page 6251 She subsequently informed her employer that she would not be able to work because of her illness. Her employer advised her to stay home until she felt better. The claimant did not return to work after March 29, 1996. The employer did everything possible to improve the working conditions of the office.
On June 24, 1996, Dr. Mark Cullen sent a letter to Dr. Finnerty which stated that the claimant apparently suffered from Multiple Chemical Sensitivities (MCS), a disorder which causes certain individuals to display various symptoms when exposed to low levels of chemical emissions. Dr. Cullen concluded that, without a doubt, the claimant's symptoms were triggered by her work environment during the fall and winter of 1995-1996. There is much debate within the medical community regarding the validity of MCS.
"In appeals of this nature, the Superior Court does not try the matter de novo." Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 4, 434 A.2d 293 (1980). "It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee." Id. "The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally." Id., 5.
General Statutes § 31-236 provides that "no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to the employer. . . ."[1] "An individual leaves suitable work `for cause' within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citation omitted; internal quotation marks omitted.)Acro Technology. Inc. v. Administrator, 25 Conn. App. 130, 135,593 A.2d 154 (1991).[2] "To determine that an individual voluntarily left suitable work for good cause attributable to the employer, the Administrator must find, with respect to working conditions, that (1) . . . (C) working conditions threatened the individual's health, either by causing illness or by contributing to the aggravation or worsening of the individual's medical condition . . . and (2) the individual expressed his CT Page 6252 dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment and in the instance of subdivision (1)(C) of this section, the individual shall present competent evidence that: (A) The medical condition complained of necessitated his leaving such employment; and (B) The individual advised the employer of his condition; and (C) The individual unsuccessfully sought a remedy through those means reasonably available to him before leaving employment." Regs., Conn. State Agencies § 31-236-22 (a).
In the present case, the claimant experienced debilitating health problems while at work. These problems persisted although the claimant's employer did everything possible to ameliorate her work environment, such as cleaning the office at the request of one of the claimant's doctors. The claimant received medical opinions which indicated that her place of employment was the cause of her condition. Based upon the foregoing, the court concludes that the administrative action was not illegal, arbitrary, or unreasonable.
The employer has requested that the court remand this case and instruct the Board to consider additional evidence.[3] This evidence challenges the validity of Dr. Cullen's conclusion that the claimant suffers from MCS. The Board specifically noted, however, that the validity of MCS was not material to its conclusion. The Board's decision was based upon the finding that, whatever the cause, the claimant clearly suffered serious health problems as a result of her work environment. Moreover, the employer has not provided the court with a sufficient reason why this evidence was not presented at the hearing. The employer merely stated that the evidence was not provided because "as a physician I felt I provided the Board of Review with an [overwhelming] amount of evidence that should have enabled [it] to come to the conclusion that there was no good cause attributable to the employer."
For the foregoing reasons, this appeal is dismissed.
Mihalakos, J.