[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal, under G.S. § 31-249 (b), CT Page 13061 from a decision of the Employment Security Board of Review (Board) finding the appellant, Carole Gluck, ineligible for unemployment compensation benefits.
On November 3, 1998, the appellant applied for unemployment benefits after retiring from her position as postmaster for the post office located in Scotland, Connecticut. On November 17, 1998, after a hearing, an unemployment compensation administrator approved the application. On November 24, 1998, the employer, the United States Postal Service, appealed that decision. On December 24, 1998, after a de novo heating, an appeals division referee found the appellant ineligible for benefits. The appellant appealed the referee's decision to the Board of Review. On February 26, 1999, the Board upheld the findings of the referee and dismissed the appeal. On March 5, 1999, the appellant initiated this appeal from the Board's decision.
The referee found that the appellant earned $40,930 per year as postmaster and had worked for the U.S. Postal Service for over twenty-five years. She encountered difficulty filling a part-time assistant position because that position was low paying, lacked other benefits, and required the person to be available to work when the appellant was absent. The appellant did hire someone to fill that role shortly before she retired on October 31, 1998.
The referee also found that the appellant was informed by her employer that she could reverse her decision to retire at any time before October 31, 1998. Her employer would have provided necessary coverage had the appellant made her employer aware of her need. Her employer had other positions available, at comparable pay, to which the appellant might have transferred if she requested to do so. The appellant failed to bring her dissatisfaction with position to her employer's attention in a timely fashion.
Based on these factual findings, the referee determined that the appellant left suitable work voluntarily without good cause attributable to her employer. This determination disqualified the appellant from receiving benefits.
The appellant contends that this ruling, upheld by the Board, was erroneous because she adequately notified her employer of the coverage difficulty. Further, she maintains that the stress of waiting for the new part-time assistant to complete training overwhelmed her causing her to retire. CT Page 13062
The scope of judicial review in unemployment compensation appeals is circumscribed by G.S. § 31-249 (b) and P.B. § 22-9. Under § 22-9, the court cannot retry the case nor overrule factual findings made by the Board. Essentially, the court is limited to examining the legal propriety of the Board's decision based on the those facts, Latina v. Administrator,54 Conn. App. 154, 159 (1999). The Court cannot overturn the Board's findings with respect to the insufficiency of notification of her employer of her dilemma and her failure to seek assistance from her employer regarding coverage.
Given those factual findings, the Board properly concluded that the appellant's cause for retirement was unattributable to her employer. General Statutes § 31-236 (a)(2)(A) provides that an individual is ineligible for benefits if that person voluntarily left suitable work unless for good cause attributable to the employer. In the present case, the employer had no significant role in creating the stress which prompted the appellant to retire. The employer was unaware of the appellant's difficulty obtaining coverage in the event she was absent. Had the employer been aware of that situation, the employer would have accommodated the appellant by supplying coverage or transferring the appellant elsewhere. The appellant had hired an assistant who was willing to fulfill the coverage requirements, but the appellant was unwilling to wait for him to be trained fully.
Under Regs. Conn. Agencies § 31-236-22 (a)(2), an employee must express dissatisfaction regarding working conditions to the employer before the employer can be regarded as the cause of the employee quitting, Acro Technology, Inc. v. Administrator,25 Conn. App. 130, 135 (1991). The employee must have no reasonable alternative but to terminate employment, Id. Agency regulations have the force of statutory law, Id.
Consequently, the Board's decision was legally correct. The appeal is, therefore, dismissed.
Sferrazza, J.