[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Samuel Branch, III, an employee of the plaintiff, City of Stamford ("City"), filed a claim for unemployment compensation benefits against the City. Branch claimed that he was entitled to benefits because the termination of his employment was not based on wilful misconduct. The City contends that Branch was terminated because of repeated absenteeism and tardiness, and hence he was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes §31-222 et seq., granted Branch's application for unemployment compensation benefits on the basis that he had been discharged for reasons other than repeated wilful misconduct, and accordingly he was entitled to benefits.
The City appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and 31-242, where it was CT Page 10055 referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Branch had been discharged for repeated wilful misconduct. The referee made the following factual findings: (1) that Branch had worked for the City's Public Works Department as an equipment operator for over three years prior to his discharge; (2) that Branch had received a written warning in March, 1992, concerning his tardiness and absenteeism; that he received another written warning concerning the same subjects in April, 1992; and that he was suspended from work in June, 1992, for unsatisfactory attendance; (3) that in October, 1992, Branch was again suspended for unsatisfactory attendance, and a supervisory referral was made to an Employee Assistance Program (EAP), and he was advised that failure to comply with EAP directives would result in disciplinary action, including suspension; and (4) that the final act or incident which precipitated Branch's termination was his failure to attend EAP meetings. The referee concluded, however, that the City's representative "was unable to provide specific details, including the dates and number of occasions of the claimant's failure to comply with EAP" and, therefore, that the City had failed to establish all the elements of a discharge for repeated wilful misconduct, which include a showing that the last act which triggered the discharge constituted wilful misconduct. Thus, Branch was found to be eligible for benefits, and the administrator's decision granting benefits was affirmed by the referee. The City then moved, pursuant to General Statutes § 31-248, to set aside the decision so it could present specific evidence of Branch's failure to attend EAP sessions. The request was denied on the ground that the City failed to show good cause for its inability to present the required evidence at the first hearing.
In accordance with General Statutes § 31-249, the City appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), and contended that Branch had been fired for repeated wilful misconduct and that it had sustained its burden of proof thereof. The Board of Review agreed with the referee that the City had failed to prove that Branch's failure to abide by the directives of EAP constituted wilful misconduct. The Board of Review concluded that the referee's decision was supported by the evidence and testimony that had been introduced at the hearing held by the referee. Thus, the referee's decision granting benefits was affirmed, and Branch was determined to be eligible for benefits.
The City also requested that the Board of Review remand the case to the referee to take additional evidence, claiming that it should be given the opportunity to introduce additional evidence to prove its contention that Branch failed to attend EAP sessions. The Board of Review determined that the City had an opportunity to prove its case and there was no reason or justification to give it a second opportunity. Thus, the Board of Review CT Page 10056 denied the request to remand the case for a second hearing.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that Branch had been terminated properly and was ineligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator,Unemployment Compensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also Acro Technology v. Administrator, UnemploymentCompensation Act, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration laws is entitled to great deference.Griffin Hospital v. Commission on Hospitals Health Care,200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, note must also be taken of General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct." Section § 31-236-26 of the Regulations of State Agencies describes wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under the provisions of this regulation, three findings must be made: that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused the discharge of the employee "constituted wilful misconduct;" and that the first act of misconduct was CT Page 10057 committed "within the year immediately preceding the act which precipitated the discharge . . . ." Moreover, the regulation indicates that prior warnings shall be considered to determine whether willful misconduct occurred. Section § 31-236-27 (a) of the Regulations provides that absenteeism as such does not constitute wilful misconduct, but can be such if "the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor." Subsection (b) of that regulation defines "good cause" as "any compelling personal circumstance, including illness, which would normally be recognized by the individual's employer as a proper excuse for absence, or which would prevent a reasonable person under the same conditions from reporting to work."
The court agrees with the referee and the Board of Review that the plaintiff failed to adequately establish that the event precipitating discharge constituted wilful misconduct. The City's representative, according to the referee, was not able to indicate which sessions of EAP Branch allegedly missed. A prerequisite for discharge for repeated wilful misconduct is proof that the final act of misconduct itself constituted wilful misconduct. Regulations of State Agencies § 31-236-26 (b)(2).
The Board of Review's conclusion that plaintiff was eligible for benefits based on the plaintiff's failure to prove all the elements of repeated wilful misconduct is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not rt retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984).
The court finds that the Board of Review was presented with sufficient evidence in this case to justify the conclusion it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of October, 1994.
William B. Lewis, Judge CT Page 10058