[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Scott Riley, filed a claim for unemployment compensation benefits against his former employer, Macy's, for which he had worked for approximately seven months. Riley claimed that his employment had been improperly terminated on or about June 25, 1991, and that he was entitled to benefits. Macy's contends that Riley was terminated because of repeated tardiness, and absence from work on June 25, 1991, and hence was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that he had been discharged without proper cause or justification, and determined, accordingly, that he was entitled to benefits.
Macy's appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241
and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Riley had been discharged for repeated wilful misconduct. The factual findings made by the referee were: (1) that the claimant, who was a salesman in men's clothing in the employer's Stamford store, was terminated for failure to report for work on June 25, 1991, the date of a scheduled store inventory; (2) that the claimant requested a vacation for the week including June 25, 1991, in order to attend his brother's wedding, which request was ultimately rejected; and (3) that the employer had given the claimant written notice that if he did not report to work on June 25, 1991, for the scheduled store inventory, he would be discharged.
The referee concluded that because of his brother's wedding, the claimant had good cause for his absenteeism on June 25, 1991, and that the claimant had not been discharged for repeated acts of wilful misconduct, and hence he was eligible for benefits. The administrator's decision granting benefits was thus affirmed by the referee.
In accordance with General Statutes § 31-249, the employer appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), contending that Riley CT Page 4459 had been fired for wilful misconduct. The Board of Review, after reviewing the record and a tape recording of the hearing before the referee, added certain findings of fact: (1) that the claimant did not tell Macy's that he needed to be off on Tuesday, June 25, 1991, in order to attend his brother's wedding; (2) that Riley had been late for work on 14 occasions in the months he was employed by Macy's, and his only excuse was "car trouble;" and (3) that Riley received verbal warnings regarding his tardiness, and a written warning on June 18, 1991.
The Board of Review concluded that the claimant's absence on June 25, 1991, constituted a final act of wilful misconduct which triggered his discharge because he had been specifically warned in writing that he must work on that date because of the inventory or he would be discharged. The Board of Review also noted that the claimant failed to attend the referee's hearing to explain his absence, that it was a weekend wedding and that the claimant never explained why he needed to be off on the Tuesday prior to the weekend. The Board of Review further concluded that the claimant's history of tardiness constituted repeated wilful misconduct, and coupled with his absence from work on Tuesday, June 25, 1991, which was deemed to be a final act of misconduct, the termination of his employment by Macy's was justified.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that he had been terminated improperly and is eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, Unemployment CompensationAct, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also AcroTechnology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154
(1991). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration laws is entitled to great deference. GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b must also be considered, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided CT Page 4460 by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct." Subsection (a) further provides that "wilful misconduct" refers to an "intentional violation of a duty or obligation reasonably owed by the employee to the employer as a condition of his employment." Section 31-236-26 of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under the provisions of this regulation, three findings must be made: that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed "within the year immediately preceding the act which precipitated the discharge. . . ." Moreover, the regulation indicates that prior warnings of misconduct shall be considered. Id. Section 31-236-27(a) of the Regulations provides that absenteeism as such does not constitute wilful misconduct, but can be such if "the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor." Subsection (b) of that regulation defines "good cause" as "any compelling personal circumstances, including illness, which would normally be recognized by the individual's employer as a proper excuse for absence, or which would prevent a reasonable person under the same conditions from reporting to work." CT Page 4461
The court agrees with the Board of Review that the plaintiff's repeated tardiness, which resulted in the issuance of both verbal and written warnings, falls clearly within the definition of wilful misconduct found in the above cited regulation. Furthermore, the Board of Review determined that there were two or more acts of wilful misconduct and that the final act of absenteeism on June 25, 1991, constituted wilful misconduct. The Board of Review also noted that the first act of misconduct, starting in January 1991, occurred within the year preceding the final absence which precipitated the plaintiff's discharge.
The Board of Review's conclusion of ineligibility for benefits based on the plaintiff's repeated wilful misconduct is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984).
The court finds that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of April, 1995.
WILLIAM B. LEWIS, JUDGE