[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Renee C. Robinson, filed a claim for unemployment compensation benefits against her former employer, the plaintiff, Obex Incorporated (Obex), for which she had worked, in an office position, for approximately seven months. Robinson claimed that her employment had been improperly terminated on or about November 5, 1993, and that she was entitled to benefits. Obex contends that Robinson was terminated because of her absence from work on November 2, 1993, and repeated tardiness on prior occasions, and therefore she was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Robinson's application for unemployment compensation benefits on the basis that she had not been discharged for repeated wilful misconduct.
Obex appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Robinson had been discharged for repeated wilful misconduct. The factual findings made by the referee were: (1) that in the morning of November 2, 1993, Robinson telephoned Obex and said she would be late for work because she had an appointment at the Housing Authority, (2) that Robinson did not appear for work that entire day and did not call the employer with any explanation for her absence; (3) that only after hearing a recorded message of her call to the employer, did Robinson concede that she did not have an appointment at the Housing Authority, but only needed to pick CT Page 7486 up a form, and that the real reason she was absent for work the day before was that she wanted to be with her sister, who was having some kind of problem, (4) that Obex had not documented prior alleged tardiness on the part of Robinson, and (5) that Robinson was terminated for failure to report for work on November 2, 1993.
The referee concluded that Robinson had not been discharged for repeated acts of wilful misconduct, and hence was eligible for benefits. The referee agreed that failure to appear for work on November 2, 1993 was an act of wilful misconduct, but that the employer had failed to prove any prior acts of wilful misconduct. The administrator's decision granting benefits was thus affirmed by the referee.
In accordance with General Statutes § 31-249, the plaintiff employer appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), contending that Robinson had been fired for wilful misconduct. The Board of Review added a finding of fact after Obex had filed a motion to reopen or reconsider its decision to the effect that the plaintiff had not documented any disciplinary proceedings in connection with Robinson's tardiness.
The Board of Review concluded that although Robinson's absence on November 2, 1993, was an act of wilful misconduct, her absence, her failure to notify the employer, and her attempt to "cover up her deception" constituted a single act or incident of wilful misconduct, not a series of such acts as urged by the plaintiff. The Board of Review further concluded that Robinson's history of tardiness did not constitute repeated wilful misconduct because the employer had not offered documentation of any disciplinary action taken against its employee.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that Robinson had been properly terminated for repeated wilful misconduct, and hence was not eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion.Bennett v. Administrator, Unemployment Compensation Act, 34 Conn. App. 620,626, 642 A.2d 743 (1994), see also Acro Technology v.Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by CT Page 7487 the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441, 446,553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book," must also be considered. Practice Book § 519, referred to in this statute, provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236(a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct." Section 31-236-26
of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under the provisions of this regulation, three findings must be made: that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused or triggered the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed "within the year immediately preceding the act which precipitated the discharge . . . ." Moreover, the regulation indicates that prior warnings of misconduct are to be considered. Section31-236-27(a) of the. Regulations provides that absenteeism, by itself, does not constitute wilful misconduct, but can be such "if the individual did not have good cause for being absent from CT Page 7488 work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor." Subsection (b) of that regulation defines "good cause" as "any compelling personal circumstance, including illness, which would normally be recognized by the individual's employer as a proper excuse for absence, or which would prevent a reasonable person under the same conditions from reporting to work." Section 31-236-28 of the Regulations indicates that tardiness constitutes repeated wilful misconduct "only if: (1) such tardiness is excessive; and (2) the individual's employer did not condone the individual's tardiness explicitly or by acquiescence . . . and (3) such tardiness was without reasonable excuse, or where the tardiness could have been anticipated by the individual, the individual failed without justification to take those steps reasonably necessary to notify the employer of his expected tardiness."
The court agrees with the Board of Review that Robinson's absence on November 2, 1993 was an act of wilful misconduct. The Board of Review, however, also determined that there were not two or more acts of wilful misconduct occurring within the year preceding the absence which precipitated Robinson's discharge, and that Robinson's tardiness did not reach the level of wilful misconduct because the employer did not show that it had disciplined Robinson for such conduct.
The Board of Review's conclusion of eligibility for benefits based on the plaintiff's not having shown repeated wilful misconduct is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not ferry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, Unemployment Compensation Act,192 Conn. 104, 112, 470 A.2d 1196 (1984).
The court finds on the basis of the certified record that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached, including that the one day absence from work, and the falsification of the reason for the absence, constituted one act of misconduct because both acts occurred within a short time frame. Therefore, its decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal. CT Page 7489
So Ordered.
Dated at Stamford, Connecticut, this 5th day of July, 1995.
Judge William B. Lewis,