[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Quaashie K. Frattalone, filed a claim for unemployment compensation benefits against his former employer, Mill River Motors, Inc. (Mill River), an automobile sales agency located in Stamford. Frattalone claimed that he was involuntarily terminated from his employment with Mill River without any job-related reason, and therefore was entitled to benefits. Mill River contends that Frattalone voluntarily quit his job because he was planning to return to school, and hence was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Frattalone's application for unemployment compensation benefits on the basis that he had not voluntarily ceased employment.
Mill River appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241
and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Frattalone quit his job voluntarily without sufficient job-connected cause. The referee made the following factual findings: (1) that Frattalone had worked for Mill River for about ten months as a lot-man; (2) that he met with the service manager on July 14, 1994, during which he discussed several job-related problems and was told that if he was unhappy with his job, he should quit; (3) that the claimant further advised the service manager that he was going back to school in September, 1994, and was planning to leave the job at the end of August in any event; (4) that on July 14, 1994, the service manager prepared a letter CT Page 10335 in which the claimant resigned effective July 29, 1994; and (5) that misconduct on the claimant's fault was not asserted and was not a factor in this case. The referee concluded that Frattalone was terminated without any showing of misconduct, and hence was eligible for benefits, and therefore the referee affirmed the administrator's decision granting compensation.
In accordance with General Statutes § 31-249, the employer, Mill River, appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), on the ground that Frattalone had left his employment voluntarily and not for job-related reasons. The Board of Review concluded that the claimant voluntarily and intentionally left his employment in order to go to college, and thus reversed the referee's decision granting benefits to the claimant. The Board of Review referred to the letter dated July 14, 1994, signed by Frattalone, which reads as follows: "I, Quaashie Frattalone, hereby surrender (sic) my resignation to Mill River Motors effective July 29, 1994. I am resigning to return to school in the fall." The Board of Review noted that, at the hearing before the referee, the claimant conceded that he had signed the letter but thought his resignation was effective August 29, 1994, instead of July 29, 1994. The Board of Review further concluded that the claimant had not informed the manager of his desire to remain employed until August 29, 1994.
The claimant appeals to this court, pursuant to General Statutes § 31-249b, contending that he did not quit his job voluntarily and therefore is eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency that is responsible for its enforcement and administration is entitled to "great deference."Griffin Hospital v. Commission on Hospitals Health Care,200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v.Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b must also be considered as CT Page 10336 it provides in pertinent part that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . (b) corrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without sufficient cause connected with his work." See also Regs., Conn. State Agencies § 31-236-17(a). Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that one left for reasons connected with his work, it must appear that the reason for leaving relates to "wages, hours or any working conditions." Section 31-236-22 of the Regulations provides that a determination that an individual voluntarily left suitable work for sufficient cause connected with his work must be based on a finding, among other things, that the employer changed a working condition agreed upon when the employee was hired; or that working conditions imposed by the employer were changed during the course of employment and that such change had a "significantly adverse effect upon the individual;" or that working conditions endangered the employee's health. In addition, subsection (2) provides that, except for changes at the time of hire, in order to qualify for benefits under this section, an individual must have "expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment."
The Board of Review found that the plaintiff intentionally CT Page 10337 left his employment in order to return to school, and that he did not leave for sufficient cause related to his work. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.)Acro Technology, Inc. v. Administrator, supra, 25 Conn. App. 135.
In the present case, the Board of Review determined that the plaintiff quit his job voluntarily in order to go to school. This conclusion of ineligibility for benefits based on the plaintiff's voluntary termination of employment is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. The court finds on the basis of the certified record that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of September, 1995.
William B. Lewis, Judge