[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Val B. Angione, filed a claim for unemployment compensation benefits against his former employer, Insurecorp, Inc., an insurance agency located in Norwalk. Angione claimed that since he left his employment with Insurecorp because of a substantial change in the conditions of his employment, he was entitled to benefits. Insurecorp contends that Angione voluntarily quit his job, and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., denied Angione's application for unemployment compensation benefits on the basis that Angione had voluntarily ceased employment without sufficient job-connected cause.
Angione appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Angione quit his job voluntarily without sufficient job-connected cause, including leaving work because of a change in the conditions of work. The referee made the following factual findings: (1) the employer and Angione signed a three year employment contract effective January 1, 1991, which provided for a salary of $30,000 per year plus commissions and (2) Angione, also referred to herein as the claimant, was advised in April, 1992 that his salary arrangement would have to be changed because the employer was experiencing financial difficulties. The referee concluded that Angione left his job for good cause attributable to the employer, because the employer unilaterally changed the salary provided for in the employment agreement. Accordingly, the referee reversed the administrator's decision denying compensation.
In accordance with General Statutes § 31-249, the employer, Insurecorp, Inc., appealed this decision to the employment security appeals division board of review (board of review), asserting that Angione had left his employment voluntarily and not for job-related reasons. The board of review modified the findings of fact by the referee and reversed his CT Page 8835 decision. The board agreed with the employer that the claimant voluntarily quit his employment without sufficient job-related cause. The board held that the reduction in the claimant's wages was due to his failure to work on a full-time basis as provided for in the employment agreement. The board further determined that the claimant was given a choice of either continuing to work part-time on a commission basis without salary, or to work full-time at the rate agreed upon in the contract, and that the claimant chose the former option, and then voluntarily quit his job. The board also found that the second option presented to the claimant, which involved continuing full time at the contractual rate, also involved additional duties of servicing and selling personal line accounts, not just commercial lines. The board agreed that this constituted a change of working conditions, but not a "substantial" change because selling and servicing personal line accounts was within the scope of the claimant's original job description in the employment agreement. The claimant at the hearing before the referee denied that he was given an option to continue working on a full-time basis, but the board determined that this testimony was not credible because the claimant agreed at the hearing held before the administrator that the employer had in fact presented the two options to him.
The claimant, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that he quit his job because of a decrease in his wages imposed unilaterally by his employer and that he is therefore eligible for benefits. In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out in Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988); Bennett v. Administrator,
CT Page 8836Unemployment Compensation Act, 34 Conn. App. 620, 626,642 A.2d 743 (1994). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
In reviewing the decision of the board of review in this case, General Statutes § 31-249b should also be noted. It provides in pertinent part that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . (b) corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer."[1] This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." See also Regs., Conn. State Agencies §31-236-17(a).[2] Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving relates to "wages, hours or working conditions." Section 31-236-22 (a)(1)(A) of the Regulations provides that a CT Page 8837 determination that an individual voluntarily left suitable work for good cause attributable to the employer must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit his job without sufficient job-related reasons. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Internal citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator, 25 Conn. App. 130,135, 593 A.2d 154 (1991).
The board of review's conclusion of ineligibility for benefits is based on its determination that the additional duties of servicing personal line accounts did not constitute a substantial change in circumstances. This conclusion of ineligibility for benefits is within the competence of the board of review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds on the basis of the certified record that the board of review was presented with sufficient evidence in the record of this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of November. CT Page 8838 1996.
William B. Lewis, Judge