[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Brenda M. Curtin, filed a claim for unemployment compensation benefits against her former employer, Betteridge Jewelers, Inc. (Betteridge), a jewelry store located in Greenwich. Curtin claimed that since she left her employment with Betteridge involuntarily and without misconduct on her part, she was entitled to benefits. Betteridge contends that Curtin voluntarily quit her job, and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., granted Curtin's application for unemployment compensation benefits on the basis that her job had been terminated without fault or misconduct on her part.
Betteridge appealed the administrator's decision to the CT Page 9164 employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Curtin quit her job voluntarily without sufficient job-connected cause, including leaving work because of a change in the conditions of work. The referee made the following factual findings: (1) Curtin had been working full-time and then went on maternity leave on September 13, 1994; (2) when the leave was over, Curtin told her employer that she wanted to work part-time only; and (3) Curtin, also referred to herein as the claimant, was offered full-time employment but did not accept the offer. The referee concluded that Curtin was not terminated but rather quit her job voluntarily and not for good cause attributable to the employer because she did not want to work full-time. Accordingly, the referee reversed the administrator's decision granting compensation.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board of review), asserting that she had not left her employment voluntarily. Curtin contended that when she left on maternity leave, she had been promised by the employer that she could return to work on a part-time basis. She also argued that if she had been advised by Betteridge that only a full-time position was available, she would have accepted that position. The board supplemented the record by adding to it a letter from the employer to the claimant dated September 15, 1994, which referred to the claimant returning to work on a full-time basis when she returned from maternity leave. The claimant reiterated her contention that the employer had promised her part-time work, but the board determined that this testimony was not credible because of the letter from her employer referring specifically to full-time work ("the claimant did not return to work following her maternity leave solely because the employer did not grant her request for a reduction in her hours of work.") Thus, the board ruled that the claimant voluntarily quit her employment without sufficient job-related cause, and affirmed the referee's decision.
The claimant, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that she did not quit her job voluntarily but rather had been fired because she refused to work full-time after having been promised a part-time job before she left on her maternity leave. The plaintiff also stated that she did not interpret the CT Page 9165 September 15, 1994 letter from her employer as confirming her return on a full-time basis, but rather believed the letter referred to maintaining certain benefits such as health insurance.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes §31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988); Bennett v. Administrator,Unemployment Compensation Act, 34 Conn. App. 620, 626,642 A.2d 743 (1994). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v.Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the board of review in this case, General Statutes § 31-249b should also be noted. It provides in pertinent part that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . (b) CT Page 9166 corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer."[1] This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." See also Regs., Conn. State Agencies §31-236-17 (a).[2] Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving relates to "wages, hours or working conditions." Section 31-236-22 (a)(1)(A) of the Regulations provides that a determination that an individual voluntarily left suitable work for good cause attributable to the employer must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit her job without sufficient job-related reasons. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Internal citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator, 25 Conn. App. 130,135, 593 A.2d 154 (1991).
The board of review's conclusion of ineligibility for benefits is based on its determination that the plaintiff refused to accept a full-time position with her employer, ie., the same CT Page 9167 basis on which she had worked prior to her leave, and hence had voluntarily quit her job. This conclusion of ineligibility for benefits is within the competence of the board of review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, Unemployment Compensation Act,192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds on the basis of the certified record that the board of review was presented with sufficient evidence in the record of this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of November, 1996.
William B. Lewis, Judge