[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert A. Nicholson, filed a claim for unemployment compensation benefits against his former employer, David Venables d/b/a Running Start, a sporting goods store located in New Haven. Nicholson claimed that, since he left his employment with Venables involuntarily and without misconduct on his part, he was entitled to benefits. Venables contends that Nicholson voluntarily quit his job, and hence was ineligible for unemployment benefits. The named defendant, the administrator of CT Page 9000 the Unemployment Compensation Act, General Statutes § 31-222
et seq., granted Nicholson's application for unemployment compensation benefits on the basis that his job had been terminated without fault or misconduct on his part.
The employer, Venables, appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Nicholson, also referred to as the claimant, quit his job voluntarily without sufficient job-connected cause, or whether he had been discharged. The referee made the following factual findings: (1) Nicholson had been working for about a year and left because of a dispute over whether his employer owed him money; and (2) the dispute arose because Nicholson successfully convinced the employer's bookkeeper to give him additional money without the consent of the employer. The referee concluded that Nicholson was not terminated but rather quit his job voluntarily for personal reasons involving a dispute over back pay. Accordingly, the referee reversed the administrator's decision granting compensation.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board), asserting that he had not left his employment voluntarily. Nicholson contended that he left because the employer wanted to treat him as an independent contractor, not as an employee. In a decision dated June 23, 1995, the board ruled that Nicholson's employer had insisted that Nicholson was an independent contractor, and had discharged Nicholson for refusing to be treated as such.
The employer subsequently moved that the board reopen its decision and submitted copies of checks that had been previously issued to the claimant. The board agreed to supplement the record with these checks, and, on November 14, 1995, the board vacated its earlier decision, ruling that the claimant voluntarily quit his employment without sufficient job-related cause. The basis for the revised decision was that the checks paid to the claimant totalled about $1,000 more that the claimant should have received at the agreed rate of $865.38 per week for forty-nine weeks of employment. Thus, the board ruled that the claimant left his job voluntarily because of a dispute over back pay, although the checks actually showed that the claimant owed the employer about CT Page 9001 $1,000. ("The claimant's dissatisfaction with the amount of money that the employer paid to him did not afford him sufficient job-connected cause for quitting.") Nicholson asked the board to reconsider its November 14, 1995 decision, but the board declined to do so, noting that the claimant, while employed by Venables, had always been treated as an independent contractor because the checks he received were in even numbers and did not reflect any withholding for taxes. Thus, the board found that the claimant did not leave his job because the employer was forcing him to change his status from that of an employee to that of an independent contractor.
The claimant, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that he did not quit his job voluntarily but rather was fired because he refused to be treated as an independent contractor, and refused to agree that such status would be made retroactive to the beginning of his employment in February of 1993. The board filed a return of record with the court, and a hearing was held before this court on August 2, 1996.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not CT Page 9002 substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385 86,551 A.2d 724 (1988); see also Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
In reviewing the decision of the board of review in this case, General Statutes § 31-249b should also be noted. It provides in pertinent part that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ." Practice Book § 519(b) provides in pertinent part: "[c]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(A) provides in CT Page 9003 pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer."[1] This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." See also § 31-236-17 (a) of the Regulations of Connecticut State Agencies.[2] Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or . . . working conditions." Section 31-236-22 (a)(1)(A) of the Regulations provides that a determination that an individual voluntarily left suitable work for good cause attributable to the employer must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit his job without sufficient job-related reasons. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Internal citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator, 25 Conn. App. 130,135, 593 A.2d 154 (1991).
The board of review's conclusion of ineligibility for benefits is based on its determination that the plaintiff voluntarily quit his job. This conclusion of ineligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in CT Page 9004 administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the plaintiff left his employment. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of November, 1996.
William B. Lewis, Judge