[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Tracy A. Standard filed a claim for unemployment compensation benefits against her former employer, Starwood Capital Group, L. P. (Starwood), a real estate investment firm with an office in Westport. Standard claimed that she left her employment with Starwood because she was "stressed" from working seven days a week, mostly "until 8 or 10 p.m." Starwood contends that Standard voluntarily quit her job because "she was not happy with her compensation," and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied Standard's application for unemployment compensation benefits on the basis that she had voluntarily and without sufficient cause left her job with Starwood for personal reasons unconnected with her employment. The administrator also found that the conditions of her employment had not changed during the nine months she worked for Starwood. CT Page 10020
Standard, also referred to as the claimant, appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The claimant said she left her job because she was "physically and mentally burned out" from having to work "excessive hours." The claimant also indicated in her "Written Summary of Statement" that she "did not realize I wouldn't be paid for overtime." The claimant acknowledged that she received a raise shortly before leaving Starwood, but believed it to be inadequate. In her own words, the claimant left because she "was not compensated for my services. After exhausting every means I had to make it work, I resigned."
The referee determined that the claimant had signed an employment agreement with Starwood, dated November 5, 1993, which provided for a base salary and a bonus. The referee found that the employer had complied with the terms of the employment agreement. The referee also indicated that "[t]he basic reason for the claimant's leaving was her belief that she was being paid too little for too much work," and that "mere dissatisfaction with wages or the failure to receive a desired raise does not, in itself, generally constitute sufficient cause for leaving." The referee concluded that the claimant, whom he described as a "salaried portfolio supervisor," left work voluntarily and without sufficient job-connected cause, and he affirmed the administrator's decision denying compensation.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board). The claimant asserted that she was not a "supervisor," that she had worked a great number of overtime hours, and that she had left her employment involuntarily because Starwood refused to compensate her for this overtime. On January 18, 1995, the board adopted the referee's findings of fact and conclusion of ineligibility, including the facts that the claimant had worked long hours from the beginning, and that there was no reference in the employment agreement to the number of hours she was supposed to work. Thus, the board ruled that the claimant voluntarily quit her employment without sufficient job-related cause. The board also subsequently denied the claimant's motion to "reopen" the decision, which motion included an offer of payroll and other records. The board ruled that the claimant's assertion that she was owed money for CT Page 10021 overtime had not been presented to either the administrator or verbally to the appeals referee at the hearing in Stamford on November 14, 1994.
The claimant, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, again contending that she left Starwood because her employer refused to pay her the overtime she had earned. The board filed a return of record with the court, and a hearing was held before this court on August 2, 1996. In her brief, the plaintiff contends that when Starwood hired her, it did not adequately explain that she would be obliged to work a great deal of overtime. The plaintiff also argues that the "Written Summary of Statement" she gave to the referee did refer to the overtime issue. Finally, the plaintiff claims that her former employer violated General Statutes § 31-76c by refusing to pay her the overtime that she had earned.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes §31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or CT Page 10022 an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988); see also Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book § 519(b) provides in pertinent part: "[c]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer."[1] This statute also provides CT Page 10023 that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." To the same effect, see § 31-236-17 (b) of the Regulations of Connecticut State Agencies.[2] Section 31-236-18
of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or . . . working conditions . . ."[3] Section 31-236-22 (a)(1)(A) of the proposed Regulations provides that a determination that an individual "voluntarily left suitable work for good cause attributable to the employer" must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff quit her job without sufficient job-related reasons. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Internal citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator, 25 Conn. App. 130,135, 593 A.2d 154 (1991).
The board's conclusion of ineligibility for benefits is based on the referee's findings that, first, the plaintiff had an employment agreement with Starwood that provided for a base salary and bonus, both of which she received; and, second, that from the beginning of her employment with Starwood, the plaintiff worked long hours. The board also adopted the conclusion that "mere dissatisfaction" with one's compensation does not constitute, in terms of the Unemployment Compensation laws and regulations, sufficient job-related cause for leaving a job. In addition, the board correctly determined that the issue of overtime was not presented to the administrator, nor did the plaintiff make this claim verbally at the hearing before the referee. Hence, the board found that the plaintiff voluntarily CT Page 10024 left her job. This conclusion is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, Unemployment Compensation Act,192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of November, 1996.
William B. Lewis, Judge