[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the employer from the decision of the Employment Security Appeals Division Board of Review which affirmed the decision of the Appeals Referee which sustained the Administrator's decision that the claimant left his job with good cause attributable to the employer.
The Board of Review determined that the Referee's finding of fact was supported by the record and that the conclusion reached by the Referee is legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act governing the issue presented by the appeal.
General Statutes § 21-236a (2)(A) provides . . . "no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer. . . ." CT Page 1002
The Appeals Referee found as follows: When the successor employer took over the business on July 20, 1995 the new owner unilaterally changed the claimant's method of compensation from piece work and commission, to hourly wage. His weekly earnings were reduced by the change. Additionally, the owner eliminated the claimant's fringe benefit of using the employer's van twenty-four hours per day, considering he was on call to provide service at any time. This change had an adverse effect on the claimant. The claimant gave the changes a reasonable trial. After he realized the changes were unsuitable, he repeatedly complained to the owner. He finally quit when the owner insisted that he sign a document formally agreeing to the changes in his compensation.Conclusion: The claimant has met his burden of proving that he left unsuitable work with good cause attributable to the employer."
The Board of Review reviewed the record in this appeal, including the tape recording of the Referee's hearing. The Board of Review concurs with the Referee both as to the findings of fact and the conclusions of law of the Referee, and adopted the referee's finding of fact and decision as its own.
The employer's appeal to this court takes issue with the aforesaid findings of fact and submits that contrary findings of fact should have been arrived at on the basis of evidence favorable to the employer.
Where, as here, the board of review adopts the finding and affirms the decision of the referee the court is bound by the referee's finding of subordinate facts and reasonable conclusion drawn therefrom. Aero Technology, Inc. v. Administrator,25 Conn. App. 130, 134 (1991). The referee further concluded that the employee unsuccessfully sought a remedy prior to leaving employment. Conn. Agencies Reg. 31-236-22, 31-236-20. The finding is adequately supported, though the employer proffers that the new terms which the employee did not sign made some changes, such as the use of new forms, new uniforms and new tools. This did not, however, address the problems of change of compensation or loss of use of the vehicle, which were the substance of the changes made in the employee's job.
This court is limited to a review of the record to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. The court does not retry the CT Page 1003 facts or hear evidence. United Parcel service. Inc. v.Administrator, 209 Conn. 381, 385 (1988).
The court determines that the administrative action was not unreasonable, arbitrary, illegal or in abuse of discretion. Consequently the appeal is denied and the employer's appeal is dismissed.
L. Paul Sullivan, J.