[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ADMINISTRATIVE APPEAL
This is an appeal by Lilea Oliver (claimant) from the decision of the Employment Security Board of Review (board) which affirmed the decision of the appeals referee (referee) to deny a claim for unemployment compensation made by the claimant. The board found that the referee's findings of fact were supported by the record and that the conclusion reached by the referee was legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act. Therefore, the board adopted the referee's findings of fact and decision as its own. The referee found the following facts:
 1. The claimant appealed the decision of the Administrator dated June 9, 1997 which denied unemployment benefits to the claimant effective May 25, 1997 on the issue of voluntary leaving and availability for work.
 2. The claimant was employed by Sandlapper Fabrics, CT Page 8213 Incorporated for approximately two months as a Color Mixer. At the time of her separation the claimant worked on the third shift, in excess of 36 hours per week earning $8.00 per hour.
3. The claimant left her job voluntarily on May 22, 1997.
 4. The claimant tendered her resignation because she believed that her immediate supervisor was sabotaging her work by [giving] her the wrong formulas to be mixed.
 5. Shortly before the claimant left the job, she complained to the employer's Human Resources Manager. The claimant, however, made this complaint when she tendered her two weeks notice.
 6. The claimant also asked the Human Resources Manager not to take any actions against her supervisor or investigate her complaint.
 7. The Human Resources Manager agreed to the claimant's request.
 8. On the claimant's final day of work, she presented proof of the supervisor's sabotage of her work to the Human Resources Manager. Once again, the claimant did not seek to remain on the job after the final incident.
 9. The employer disciplined the claimant's immediate supervisor because they found that her complaints had merit.
 10. The claimant was offered work on other shifts to take her away from the supervisor in question, but the claimant refused.
 11. Although the claimant had made errors in her work, the employer was satisfied with her performance and progress during her short period of employment.
Based upon the foregoing findings, the referee concluded that the claimant failed to explore reasonable alternatives that might have preserved the employment relationship. Accordingly, the referee decided that the claimant was not entitled to unemployment benefits. This decision was subsequently adopted by the board. CT Page 8214
"In appeals of this nature, the Superior Court does not try the matter de novo." Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 4, 434 A.2d 293 (1980). "It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee." Id. "The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally." Id., 5.
General Statutes § 31-236(a) provides in pertinent part that "[a]n individual shall be ineligible for benefits . . . (2)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without good cause attributable to the employer . . . provided . . . no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to the employer . . . ." "An individual leaves suitable work `for cause' within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment . . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology Inc.v. Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991). "To determine that an individual voluntarily left suitable work for good cause attributable to the employer, the Administrator must find, with respect to working conditions, that . . . the individual expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment . . . ." Regs., Conn. State Agencies § 31-236-22
(a)(2).
In the present case, the referee found that the claimant had been harassed and sabotaged by her immediate supervisor. The board stated that this condition of employment would have constituted "good cause attributable to the employer" if the claimant had sought a reasonable remedy before she resigned. The referee did find, however, that the claimant complained about her supervisor when she tendered her two weeks notice. Thus, the employer had two full weeks to attempt to remedy the situation. See Cibula v. Administrator, Superior Court, judicial CT Page 8215 district of Hartford-New Britain at New Britain, Docket No. 434447 (July 12, 1991, Dorsey, J.) (6 C.S.C.R. 759) ("[a]n individual is required to raise his complaint about the job with his employer before quitting to give his employer an opportunity to remedy the complaint"). In fact, before the claimant formally left her employment, she was presented with various alternatives to termination. Although the referee found that the claimant failed to pursue these opportunities, there was no finding as to whether these alternatives were reasonable under the circumstances. In view of the proposition that "the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings," Burnham v.Administrator, 184 Conn. 317, 322-323, 439 A.2d 1008 (1981), the claimant should be given the opportunity to demonstrate that no reasonable alternative to termination existed. "[T]he court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe." Acro Technology. Inc. v.Administrator, supra, 25 Conn. App. 136.
Accordingly, this case is remanded to the board with direction to remand the matter to the referee for a rehearing and a finding of facts in accordance with this opinion.
Nadeau, J.